UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MARY SEEGMILLER,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF ST. GEORGE, UTAH,**<br><br>Defendant. | **MEMORANDUM DECISION &<br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS FOR<br>INSUFFICIENT SERVICE OF<br>PROCESS**<br><br>Civil No. 4:25-cv-000057-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on the Motion to Dismiss for Insufficient Service of Process filed by Defendant City of St. George, Utah.[1] For the reasons below, the Court will deny Defendant's Motion.

## BACKGROUND

Plaintiff initiated this action on May 4, 2025, asserting claims under Title VII of the Civil Rights Act of 1964.[2] On August 15, 2025, Magistrate Judge Paul Kohler issued an Order to Show Cause ordering that Plaintiff show cause why the action should not be dismissed without prejudice for failure to timely serve Defendant.[3] Plaintiff responded on August 18, 2025, indicating that the failure to timely serve Defendant had resulted from her counsel's difficulties

---

[1] ECF No. 14, filed September 12, 2025.
[2] ECF No. 1. According to the Amended Complaint, Plaintiff received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC") on or about February 4, 2025. ECF No. 4 ¶ 8.
[3] ECF No. 8.

in managing his workload and assuring the Court that Defendant would be served imminently.[4]

The Proof of Service then indicates that Defendant was served on August 22, 2025.[5]

On September 12, 2025, Defendant filed its Motion to Dismiss for Insufficient Service of Process.[6] Plaintiff filed her response on October 10, 2025,[7] to which Defendant replied on October 24, 2025.[8]

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(5) "allows a party to move to dismiss for insufficient service."[9] Relatedly, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[10] "As the note to the 1993 amendment explains, this section 'authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'"[11]

---

[4] ECF No. 10.
[5] ECF No. 11.
[6] ECF No. 14.
[7] ECF No. 15.
[8] ECF No. 17.
[9] *SMHG Phase I, LLC v. Eisenberg*, No. 1:22-cv-00035-DBB-JCB, 2024 WL 1578193, at *6 (D. Utah Mar. 15, 2024), *report and recommendation adopted*, No. 1:22-cv-00035, 2024 WL 1406498 (D. Utah Apr. 2, 2024).
[10] Fed. R. Civ. P. 4(m).
[11] *Pitcher v. C&H Distrib. Co.*, No. 2:25-cv-00705-DBB-CMR, 2026 WL 242148, at *1 (D. Utah Jan. 29, 2026) (quoting Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment).

To that end, determining whether a mandatory or permissible extension of time may be appropriate is a two-step process. "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. If good cause is shown, the plaintiff is entitled to a mandatory extension of time."[12] If, on the other hand, "the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."[13]

Here, Defendant was not served until August 22, 2025, around three weeks beyond the 90-day time period allowed under Rule 4(m). Plaintiff argues that good cause exists because the delay resulted from her counsel's challenges in stabilizing a new solo practice. But "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service" nor do "mistake[s] of counsel[.]"[14] Indeed, "the fact that the [Plaintiff's] counsel is professionally engaged in other matters is not sufficient, as a matter of law, to show excusable neglect . . . [t]hus, it most certainly isn't sufficient to show good cause, which requires a greater showing."[15] Furthermore, Plaintiff argues that good cause exists because Defendant identifies no actual prejudice resulting from the late service. However, "absence of prejudice alone does not constitute good cause."[16] Therefore, as to the preliminary inquiry, Plaintiff has failed to establish good cause and is not entitled to a mandatory extension of time.

---

[12] *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (citation modified).
[13] *Id*.
[14] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).
[15] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (unpublished).
[16] *In re Kirkland*, 86 F.3d at 176.

3

The Court then turns to whether a permissive extension of time may be warranted. There are several factors relevant to this inquiry, including the following: "(1) potential barring of claims under a statute of limitation, (2) prejudice to the defendant, (3) whether the defendant had notice, (4) the likelihood of eventual service, (5) whether the plaintiff is represented by counsel, and (6) the length of the delay."[17] With respect to the instant matter, these factors, on balance, favor an extension rather than dismissal.

Plaintiff is represented by counsel, which weighs against a permissive extension of time.[18] It also does not appear that Defendant had notice that the suit had been filed. However, the remaining factors weigh in favor of a permissive extension. As for the first factor, "[t]o sue under Title VII, a plaintiff must (1) file a timely charge of discrimination with the EEOC; (2) receive an EEOC right-to-sue letter; and (3) file suit within ninety days of the letter."[19] "If the aggrieved party fails to sue within 90 days of receiving a right-to-sue notice, 'the claims alleged in the EEOC charge are foreclosed[.]'"[20] While this requirement is, like a statute of limitations, "subject to waiver, estoppel, and equitable tolling[,]"[21] it may be safely assumed for now that Plaintiff's claims, if subsequently filed, would be time-barred, as Plaintiff received her right-to-sue letter over a year ago. This factor thus weighs in favor of a permissive extension. And although courts have found that the statute of limitations factor "cannot alone warrant a

---

[17] *SMHG Phase I, LLC*, 2024 WL 1578193, at *6.

[18] Defendant argues that Plaintiff's counsel has failed to timely effectuate service in other cases, but Defendant points to no case law suggesting that the conduct of counsel in representing other clients in separate matters should result in penalty to an individual plaintiff.

[19] *Kandt v. City of Garden City, Kan.*, No. 23-2043-DDC-TJJ, 2025 WL 859865, at *4 (D. Kan. Mar. 19, 2025) (citation modified).

[20] *Id*. (quoting *Tadlock v. Marshall Cnty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) (unpublished)).

[21] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

permissive extension,"[22] this is not the only factor that weighs in favor of an extension here. There does not appear to have been any prejudice to Defendant, Defendant has now been served, and the length of the delay was only around three weeks. Moreover, unlike the plaintiff in *Urioste*, who wholly failed to respond to the court's order to show cause,[23] Plaintiff promptly responded to this Court's Order to Show Cause and effectuated service within a week of that Order. For these reasons, the Court will exercise its discretion and extend the time for service to the date upon which Defendant was served, August 22, 2025.

While the Court grants a permissive extension here, the Court cautions Plaintiff to comply with deadlines in the future, as the failure to do so may result in sanctions, potentially including dismissal of the case.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Insufficient Service of Process (ECF No. 14) is DENIED.

DATED this 12th day of May 2026.          BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[22] *Urioste v. Corizon & Centurion Health Care Providers*, No. 116-cv-00755-JCH-KRS, 2022 WL 855580, at *6 (D.N.M. Mar. 23, 2022); see *May v. Okla. Dep't of Corrs.*, 215 F.3d 1337, at *2 (10th Cir. May 17, 2000) (unpublished table decision).
[23] *Urioste*, 2022 WL 855580, at *6.